# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **GEORGE L. BOYD** | * | **CIVIL ACTION NO. 10-0672** |
| **VERSUS** | * | **JUDGE DONALD E. WALTER** |
| **OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA** | * | **MAG. JUDGE KAREN L. HAYES** |

## MEMORANDUM ORDER

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to stay proceedings [doc. # 6] filed by defendant, Occidental Fire and Casualty Company of North Carolina ("Occidental").[1]  For reasons stated below, the motion is **DENIED**.

## Background

On August 27, 2010, plaintiff George L. Boyd filed the instant suit for breach of contract and damages against his homeowner's insurance company, Occidental, because of the insurer's failure to cover the full cost of repairing the damage to plaintiff's home caused by Hurricane Gustav in September 2008.  (Petition).  Plaintiff commenced this action in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.  However, on October 6, 2010, Occidental removed the case to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332.  (Notice of Removal).[2]

On May 3, 2011, Occidental filed the instant motion to stay proceedings, pending a third

---

[1] As this motion is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court.  Any appeal must be made to the district judge in accordance with Rule 72(a) and LR 74.1(W).

[2] The court will address defendant's deficient jurisdictional allegations, via separate order.

party appraisal, as contemplated under the terms of the subject policy. On May 19, 2011, plaintiff filed his opposition to the motion to stay. He argued that a stay was unnecessary because the parties were following the scheduling deadlines. He further emphasized that the appraisal process is akin to arbitration, and therefore, defendant waived the defense by failing to plead it in his answer. Occidental filed its reply memorandum on May 25, 2011, disputing that the appraisal process is a form of arbitration.

On August 26, 2011, Magistrate Judge Noland vacated the discovery deadlines in this matter, pending resolution of the motion to stay. (Aug. 25, 2011, Order [doc. # 13]). Three days later, the case was reassigned to Judge Walter and the undersigned magistrate judge. A telephone status conference is set before Judge Walter on October 3, 2011. On September 12, 2011, the Clerk of Court referred the pending motion to stay to the undersigned. The matter is now before the court.

## Law

Courts enjoy the discretionary authority to stay proceedings "in the interest of justice and in control of their dockets." *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983). The court's discretion is not limitless, however. *Id*. In deciding whether to grant a stay, the courts "must weigh competing interests and maintain an even balance." *Id*. (citing *Landis v. North American Co.*, 299 U.S. 248, 254-55, 57 S.Ct. 163, 165-66 (1936)). Accordingly, the court's decision to grant a stay should contemplate the following factors, "1) hardship and inequity on the moving party without a stay; 2) prejudice the non-moving party will suffer if a stay is granted; and 3) judicial economy." *Falgoust v. Microsoft Corp.*, 2000 WL 462919 (E.D. La. Apr. 19, 2000) (citations omitted).

## Discussion

Applying the foregoing considerations here, the court finds that a stay is not warranted. There currently are no pending discovery deadlines. Moreover, there is no apparent reason why the parties cannot initiate and complete the appraisal process within a reasonable period of time without impacting any new deadlines that may be set pursuant to the October 3, 2011, status conference. In any event, plaintiff does not appear inclined to participate in the appraisal process; thus, a stay for that purpose would prove superfluous. Of course, by refusing to participate in the policy's appraisal process, plaintiff must bear whatever consequences flow therefrom, if any.[3]

## Conclusion

For the above-assigned reasons,

IT IS ORDERED that the motion to stay proceedings [doc. # 6] filed by defendant, Occidental Fire and Casualty Company of North Carolina is hereby DENIED.

THUS DONE AND SIGNED in chambers, at Monroe, Louisiana, this 13th day of September 2011.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

[3] The court is not persuaded that the appraisal process is akin to arbitration. *See Prien Properties, LLC v. Allstate Ins. Co.*, Civil Action No. 07-0845, 2008 WL 1733591 (W.D. La. Apr. 14, 2008) (Minaldi, J.). Even if it were, Occidental formally invoked the appraisal process in a March 15, 2011, letter between counsel. (M/Stay, Exh. H). "An affirmative defense is not waived if it is raised at a pragmatically sufficient time, and the plaintiff was not prejudiced in its ability to respond." *Talbert v. American Risk Ins. Co., Inc.*, 405 Fed. Appx. 848 (5th Cir. Dec. 20, 2010) (citation omitted). Here, there is no indication that Occidental failed to invoke the appraisal process at a pragmatically sufficient time or that plaintiff suffered any prejudice in his ability to respond.